**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Progressive Northern Insurance Company, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| Charleston Bathroom Remodelers, LLC; Larry Alvin Stoudt, II;  Rebath, LLC; Corey  Rivera; Kristen Rivera; and United States Liability Insurance Company, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

CIVIL ACTION NO:

**COMPLAINT FOR**
**DECLARATORY JUDGMENT**

Plaintiff, Progressive Northern Insurance Company, by and through its undersigned counsel, complaining of the Defendant, Charleston Bathroom Remodelers, LLC, seeks a declaratory judgment from this Honorable Court as set forth below.

**PARTIES AND JURISDICTION**

1.     This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Federal Rule of Civil Procedure, Rule 57, for the purposes of determining a question of actual controversy between the parties as hereinafter more fully appears.

2.     Progressive Northern Insurance Co. ("Progressive") is a corporation organized under the laws of the State of Wisconsin with its principal place of business in the State of Ohio.

3.     Defendant Charleston Bathroom Remodelers, LLC ("Charleston Bathroom ") is a limited liability company organized, operating, and existing under the laws of the State of South

Carolina and transacts business in South Carolina. Charleston Bathroom's principal place of business is located at 9481 Industrial Center Drive, Ladson, South Carolina 29456.

4.     Defendant Larry Alvin Stoudt, II is a citizen and resident of Berkeley County, South Carolina.

5.     Upon information and belief, Skyler Gerald Farnsworth is the sole owner of Charleston Bathroom and is a citizen of Dorchester County, South Carolina.

6.     Upon information and belief, Defendant Rebath, LLC ("Rebath") is a limited liability company organized, operating, and existing under the laws of the State of Delaware, with its principal place of business located in Phoenix, Arizona.

7.     Upon information and belief, Defendant Rebath can be served through its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

8.     Upon information and belief, Defendants Corey Rivera and Kristen Rivera are married and are citizens and residents of Berkeley County, South Carolina.

9.     Upon information and belief, Defendants Corey Rivera and Kristen Rivera may be served at their residence in Berkeley County, South Carolina.

10.     Upon information and belief, Defendant United States Liability Insurance Company ("USLIC") is a corporation organized, operating, and existing under the laws of the State of Pennsylvania, with its principal place of business located at 1190 Devon Park Drive, Wayne, Pennsylvania 19087.

11.     Upon information and belief, Defendant USLIC may be served at 1190 Devon Park Drive, Wayne, Pennsylvania 19087.

5400818.1

12.     Jurisdiction is proper in this Court, pursuant to 28 U.S.C. § 1332, because the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interests and costs.

13.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because this is the district is where a substantial part of the events or omissions giving rise to the claim occurred.

14.     The Parties have an actual, present, adverse, and antagonistic interest insofar as Progressive as in doubt with respect to its rights and obligations under a policy of insurance, and by this claim for declaratory relief, seeks a declaration of its rights and obligations under the aforesaid insurance policy with respect to claims asserted by or against the other parties to this action.

15.     All proper and antagonistic parties or all parties having any interest in the outcome and adjudication of the present controversy are before the Court.

16.     Pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure, Rule 57, this Court is invested with the power to declare the rights and liabilities of the parties hereto and to give such relief as it deems necessary under the facts and circumstances presently existing.

## FACTUAL BACKGROUND

17.     On or about October 4, 2023, Corey Rivera  was driving a motorcycle westbound on College Park Road near Ladson, South Carolina.

18.     At the same time and approximate location, Larry Alvin Stoudt, II ("Stoudt"), was driving a 2023 Ford Pickup Truck ("Stoudt Vehicle"), pulling a 2021 Patriot Trailer, VIN #: 4YMBC1212MR008272 (hereinafter referred to as "subject Trailer") owned by Defendant Charleston Bathroom.

19.     The Stoudt Vehicle was insured under a personal automobile policy issued by Progressive Northern Insurance Company to Lawrence Stoudt under Policy Number 935791104 (the "Stoudt Policy").

20.     At the same time and location, Stoudt is alleged to have attempted to make a left turn onto College Park Road, causing a collision between Stoudt and Defendant Corey Rivera.

21.     As a result of the accident, Defendant Corey Rivera sustained personal injuries.

22.     Defendants Corey Rivera and/or Kristen Rivera initially made a claim against the Stoudt Policy.  Upon information and belief, Progressive Northern Insurance Company, the insurer for Defendant Stoudt, tendered the full policy limits from the Stoudt Policy to Defendants Corey Rivera and/or Kristen Rivera.  At this time, it is unknown whether the Defendants Corey River and/or Kristen Rivera have accepted this tender from the Stoudt Policy. The Stoudt Policy is the primary insurance policy and will hereinafter be referred to as the "Primary Policy."

23.     Rivera also made a claim to Progressive Northern Insurance Company ("Progressive Northern") under a commercial automobile liability policy issued to Charleston Bathroom under Policy Number 960585443-1, The Defendant Charleston Bathroom's insurance policy with Progressive Northern shall hereinafter be referred to as the "Excess Policy."

24.     The Primary Policy is a separate and distinct insurance policy from the Excess Policy of insurance issued by Progressive Northern.

25.     The Excess Policy of Progressive Northern tendered what it asserts is combined single policy limits of $75,000.00 to Defendants Corey Rivera and/or Kristen Rivera, which would have exhausted the subject Policy limits.  However, Defendants Corey Rivera and/or Kristen Rivera have rejected this offer.

4

5400818.1

26.     Defendants Corey Rivera and/or Kristen Rivera may have also made a claim with USLIC under an umbrella/excess insurance policy, Policy Number XL 163166A (hereinafter referred to as "USLIC Umbrella Policy"), with Charleston Bathroom Remodelers LLC as the name insured.

27.     Defendants Corey Rivera and Kristen Rivera (hereinafter collectively referred to as "Rivera") thereafter filed a lawsuit in the Court of Common Pleas of Berkeley County, South Carolina, Case No. 2024-CP-08-00273 entitled *Corey Rivera and Kristen Rivera v. Larry Alvin Stoudt, II and Charleston Bathroom Remodelers, LLC* (the "Underlying Litigation"), a true and accurate copy of which is attached hereto as **Exhibit A (Second Amended Complaint)**, alleging damages in an unspecified amount.

28.     In the Underlying Litigation, Rivera alleges at the time of the accident, Stoudt was working as an employee, agent, and/or servant of Charleston Bathroom, Rebath, and/or Home Brands Group Holdings, Inc. (hereinafter referred to as "Home Brands"), acting within the course and scope of his employment, going about Charleston Bathroom, Rebath, and/or Home Brands' business.  **Exhibit A**, Paragraph 4.

29.     In the Underlying Litigation, Rivera alleges, alternately, that the purported negligence of Stoudt was a proximate cause of Plaintiffs' damages, and seeks to hold Charleston Bathroom, Rebath, and/or Home Brands liable for the purported negligence of Stoudt.

30.     In the Underlying Litigation, Rivera alleges that Defendants Rebath and/or Home Brands retained the right to control the means and methods of Charleston Bathroom's business operations.

31.     In the Underlying Litigation, River further alleges that Rebath and Home Brands were negligent, negligent per se, grossly negligent, willful, and/or wanton in hiring and/or retaining

5

Stoudt and entrusting him to drive a motor vehicle attached with Charleston Bathroom equipment in the course of providing services for Charleston Bathroom, Rebath, and/or Home Brands.

32.     Progressive Northern is affording Charleston Bathroom, Stoudt, and Rebath a defense to the Underlying Litigation.

33.     At the time of the accident, Progressive Northern had in place a commercial auto liability policy, Policy Number: 960585443-1 ("Excess Policy), issued in the name of Charleston Bathroom Remodelers LLC, with effective dates of August 18, 2023, through August 18, 2024.

34.     A true and accurate copy of the Excess Policy with premiums redacted is attached hereto as **Exhibit B**.

35.     The Auto Coverage Schedule on the Excess Policy lists a 2014 Ford F150, VIN #: 1FTFW1EF9EFC36064 and two trailers – a 2021 Patriot Trailer, VIN #: 4YMBC1212MR008272 and a 2022 Carry-on Trailer, VIN #: 4YMBC1622NG029106   The 2014 Ford F150 listed on the Auto Coverage Schedule is not the motor vehicle involved in the subject accident on October 4, 2023.

36.     The Excess Policy provides, in relevant part, as follows:

### GENERAL DEFINITIONS

The words and phrases below, whether in the singular, plural or possessive, have the following special meanings when appearing in boldface type in this policy, and in endorsements issued in connection with this policy, unless specifically modified.

5400818.1

5. **"Employee"** includes a **leased worker** and a statutory employee. **Employee** does not include a **temporary worker**.

6. **"Insured auto"** or **"your insured auto"** means:
    a. Any **auto** specifically described on the **declarations page**; or
    b. An additional **auto** for Part I—Liability To Others and/or Part II—Damage To Your Auto on the date **you** become the owner if:
        (i) **you** acquire the **auto** during the policy period shown on the **declarations page**;

2

    (ii) **we** insure all **autos** owned by **you** that are used in **your** business;
    (iii) no other insurance policy provides coverage for that **auto**; and
    (iv) **you** tell **us** within 30 days after **you** acquire it that **you** want **us** to cover it for that coverage.

If **you** add any coverage, increase **your** limits, or make any other changes to this policy during the 30-day period after **you** acquire an additional **auto**, these changes to **your** policy will not become effective until after **you** ask **us** to add the coverage, increase **your** limits, or make such changes for the additional **auto**. **We** may charge premium for the additional **auto** from the date **you** acquire the **auto**.

With respect to Part I—Liability To Others, if **we** provide coverage for an additionally acquired **auto** in accordance with this paragraph b., **we** will provide the same coverage for such additional **auto** as **we** provide for any **auto** shown on the **declarations page**.

With respect to Part II—Damage To Your Auto, if **we** provide coverage for an **auto you** acquire in addition to any **auto** specifically described on the **declarations page**, and the additional **auto** is:
    (i) a **private passenger auto**, **we** will provide the broadest coverage **we** provide for any **auto** shown on the **declarations page**; or
    (ii) any **auto** other than a **private passenger auto**, and **you** have purchased Physical Damage coverage for at least one **auto** other than a **private passenger auto**, **we** will provide the broadest coverage for which the newly acquired **auto** is eligible.

17. "**Temporary substitute auto**" means any **auto you** do not own while used with the permission of its owner as a temporary substitute for an **insured auto** that has been withdrawn from normal use due to breakdown, repair, servicing, loss or destruction. However, **temporary substitute auto** does not include any **auto** available for the regular or frequent use of **you**, a **relative**, or **your employees** unless that **auto** is insured under a separate policy of insurance that provides at least the minimum required limits of financial responsibility under the applicable state and federal laws.

19. "**Trailer**" includes a semi-trailer and any piece of equipment used to convert a semi-trailer to a full trailer while it is attached to the semi-trailer.

### PART I—LIABILITY TO OTHERS

#### INSURING AGREEMENT—LIABILITY TO OTHERS

Subject to the Limits of Liability, if **you** pay the premium for liability coverage for the **insured auto** involved, **we** will pay damages, other than punitive or exemplary damages, for **bodily injury**, **property damage**, and **covered pollution cost or expense** for which an **insured** becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of that **insured auto**. However, **we** will only pay for the **covered pollution cost or expense** if the same **accident** also caused **bodily injury** or **property damage** to which this insurance applies.

8

**ADDITIONAL DEFINITIONS USED IN THIS PART ONLY**

A.  When used in Part I—Liability To Others, **insured** means:
    1.  **You** with respect to an **insured auto**.

6

    2.  Any person while using, with **your** permission, and within the scope of that permission, an **insured auto you** own, hire, or borrow except:
        (a)  Any person while he or she is working in a business of selling, leasing, repairing, parking, storing, servicing, delivering or testing **autos**, unless that business is **yours** and it was so represented in **your** application.
        (b)  Any person while he or she is moving property to or from an **insured auto**, other than one of **your employees**, partners (if you are a partnership), members (if you are a limited liability company), or officers or directors (if you are a corporation).
        (c)  The owner or anyone else from whom the **insured auto** is leased, hired, or borrowed. However, this exception does not apply if the **insured auto** is specifically described on the **declarations page**.
        (d)  The employees or agents of an owner or anyone else from whom the **insured auto** is leased, hired or borrowed. However, this exception does not apply if the **insured auto** is specifically described on the **declarations page**.
        For purposes of this subsection A.2., an **insured auto you** own includes any **auto** specifically described on the **declarations page**.
    3.  Any other person or organization, but only with respect to the legal liability of that person or organization for acts or omissions of any person otherwise covered under this Part I—Liability To Others. If **we** make a filing or submit a certificate of insurance on **your** behalf with a regulatory or governmental agency, the term "**insured**" as used in such filing or certificate, and in any related endorsement, refers only to the person or organization named in such filing, certificate or endorsement.

B.  When used in Part I—Liability To Others, **insured auto** also includes:
    1.  **Trailers** designed primarily for travel on public roads, while connected to **your insured auto** that is a power unit;
    2.  **Mobile equipment** while being carried or towed by an **insured auto**;
    3.  Any **temporary substitute auto**; and
    4.  **Mobile equipment** that is:

9

**LIMIT OF LIABILITY**

We will pay no more than the Limit of Liability shown on the **declarations page** for this coverage for the **insured auto** involved in the **accident** regardless of:

1. the number of premiums paid;
2. the number of **insured autos** or trailers shown on the **declarations page**;

13

3. the number of policies issued by **us**;
4. the number of vehicles or **insureds** involved in an **accident**; or
5. the number of claims or lawsuits arising out of an **accident**;

subject to the following:

2. **Combined Bodily Injury and Property Damage Limits**

Subject to the terms of Section 1 above, if **your declarations page** indicates that combined **bodily injury** and **property damage** limits apply for "each accident" or "combined single limit" applies, the most **we** will pay for the aggregate of all damages and **covered pollution cost or expense** combined, resulting from any one **accident**, is the combined liability insurance limit shown on the **declarations page** for the **insured auto** involved in the **accident**.

10

An **insured auto** and any **trailer** or **trailers** attached thereto shall be deemed to be one **auto** with respect to **our** Limit of Liability.

When coverage is afforded for an **accident** involving an **insured auto** that, at the time of loss:

a. is a **trailer** specifically described on the **declarations page**; and
b. is attached to any power unit that is not an **insured auto** specifically described on the **declarations page**;

the maximum amount we will pay will be limited to the lesser of an amount not to exceed the applicable compulsory or financial responsibility law limits of the state identified in **your** address as shown on the **declarations page** or the Limit of Liability shown on the **declarations page**.

Any amount payable under Part I—Liability To Others to or for an injured person will be reduced by any payment made to that person under any Uninsured Motorist Coverage, Underinsured Motorist Coverage, Personal Injury Protection Coverage, or Medical Payments Coverage provided by this policy.

## GENERAL PROVISIONS

a. For any **insured auto** that is specifically described on the **declarations page**, this policy provides primary coverage. For an **insured auto** which is not specifically described on the **declarations page**, coverage under this policy will be excess over any and all other valid and collectible insurance, whether primary, excess or contingent. However, if the **insured auto** that is specifically described on the **declarations page** is a **trailer**, this policy will be excess over any and all other valid and collectible insurance, whether primary, excess or contingent, unless the **trailer** is attached to an **insured auto** that is a power unit **you** own and that is specifically described on the **declarations page**.

37. Despite the foregoing, Rivera and his wife, *vis-à-vis* the Underlying Litigation are, upon information and belief, attempting to pursue a claim under Part I—Liability to Others coverage of the Excess Policy premised upon the purported negligence of Stoudt and purported vicarious liability of Charleston Bathroom, Rebath, and/or Home Brands for Stoudt's negligence.

38. Upon information and belief, Defendants Rivera may have dismissed its claims against Home Brands, without prejudice, in the Underlying Litigation.

11

39.     Defendant Rebath is included as a Defendant in this action as it may have an interest in the lawsuit as an insured as defined in the Excess Policy and to declare Plaintiffs Rivera' rights in the Excess Policy that the Excess Policy does not provide coverage for their direct negligence to Plaintiffs Rivera in the Underlying Litigation.    Defendants Corey Rivera and Kristen Rivera are included in this action as they may have an interest in this Declaratory Judgment action as it relates to the coverage, coverage limits, and/or limitation of limits of the Excess Policy.  Defendant USLIC is included in this action as it may have an interest in the lawsuit regarding the amount of underlying coverage afforded by the Stoudt Policy and/or the Excess Policy and whether or not its policy and/or policy limits are triggered by the limitation of limits set forth in the Excess Policy.

## FOR A FIRST CAUSE OF ACTION

**(Declaratory Judgment as to Part I—Liability to Others Coverage under the Policy and Limits of Liability)**

40.     Progressive Northern under the Excess Policy restates the foregoing allegations of the Complaint not inconsistent herewith and incorporates the same herein by reference.

41.     At the time of the accident, the subject Trailer was not attached to an insured auto as defined by the Excess Policy.  Rather, the subject Trailer was attached to a motor vehicle owned and operated by Stoudt and insured under the separate Primary Policy  with Progressive Northern.

42.     According to the terms of Excess Policy, since the trailer was not attached to an insured vehicle at the time of the accident, the maximum amount that Progressive Northern has agreed to pay under its insurance policy with Charleston Bathroom is limited to the lesser of an amount not to exceed the applicable compulsory or financial responsibility law limits of the State of South Carolina or the Limit of Liability shown on the declaration page.  See **Exhibit B**.

43.     According to South Carolina Code §38-77-140, the applicable compulsory or financial responsibility law limits of the State of South Carolina are $25,000.00 because of bodily

12

injury to one person in any one accident, $50,000.00 for bodily injury to two or more persons in any one accident, and $25,000.00 because of injury to or destruction of property of others in any one accident.

44.    The limits set forth in South Carolina Code §38-77-140 are less than the Limits of Liability shown on the declaration page of the Excess Policy.  Therefore, the limits set forth in South Carolina Code §38-77-140 are controlling and are the applicable limits of the subject Policy.

45.    For each of the foregoing reasons, Progressive is entitled to an Order of this Court holding that:

    a.    The Excess Policy is an excess insurance policy and is not triggered until the Primary Policy of Defendant Stoudt has been exhausted;

    b.    The subject Trailer was attached to a non-insured auto;

    c.    The Stoudt Vehicle was not replacing and/or was not a temporary substitute auto for Charleston Bathroom's insured automobile;  and

    d.    The Excess Policy's limits of liability are no greater than those set forth in South Carolina Code §38-77-140 or a maximum of $75,000.00 combined single limit.

WHEREFORE, Progressive Northern Insurance Company prays that the Court enter judgment in its favor as set forth hereinabove and for such other and further relief as is just and proper.

*[Signature on the Following Page]*

13

Respectfully submitted this 22nd day of January, 2025.

s/Robert D. Moseley, Jr. _____
Robert D. Moseley, Jr. (Fed Bar #05526)
John Dempsey (Fed Bar #13294)
Moseley Marcinak Law Group LLP
PO Box 26148
Greenville, South Carolina 29616
(864) 248-6025 (864) 248-6035 (Fax)
Rob.Moseley@momarlaw.com
John.Dempsey@momarlaw.com
*Attorneys for Plaintiff Progressive Northern Insurance Company*